UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANDROS ECHAVARRIA, | : |
| Petitioner, | : |
| v. | : No. 2:18-cv-5455 |
| SUPERINTENDENT LEE J. ESTOCK; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : |
| Respondents. | : |

# **O R D E R**

**AND NOW**, this 25th day of June, 2019, upon consideration[1] of the Petition for Writ of Habeas Corpus, ECF No. 1, and the Report and Recommendation (R&R) of United States Magistrate Judge Henry S. Perkin, ECF No. 7, in which Magistrate Judge Perkin recommends that the Petition be dismissed as time-barred, **IT IS ORDERED THAT**:

1. The Report and Recommendation, ECF No. 7, is **APPROVED and ADOPTED**.

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

2. The petition for writ of habeas corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE** without an evidentiary hearing.

3. There is no basis to issue a certificate of appealability.[2]

4. This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with U.S. Magistrate Judge Perkin that there is no probable cause to issue such a certificate in this action.